UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MARCO MARTIN,**  Petitioner,  vs.  **SHANE JACKSON,**  Respondent. | 2:15-CV-11207-TGB  **OPINION AND ORDER DENYING PETITIONER'S MOTION FOR A CERTIFICATE OF APPEALABILITY** |

In 2015, Petitioner Marco D. Martin filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254. ECF No. 1. The pleading challenged Petitioner's Michigan convictions and sentence of fifteen to sixty years for six counts of first-degree criminal sexual conduct involving someone who was thirteen, fourteen, or fifteen years old and a member of the same household. Mich. Comp. Laws § 750.520b(1)(b)(i).

Former United States District Judge Gerald E. Rosen initially stayed the case at Petitioner's request, (*see* ECF No. 7), but in 2018, Petitioner filed a motion to lift the stay (ECF No. 8) and an amended habeas corpus petition (ECF No. 9). The case was then reassigned to United States District Judge Arthur J. Tarnow, who granted Petitioner's motion to lift the stay and re-opened this case. ECF No. 10. Judge Tarnow ultimately denied the amended petition and declined to issue a

certificate of appealability. ECF No. 17. Petitioner appealed to the United States Court of Appeals for the Sixth Circuit, and following Judge Tarnow's death, the case was reassigned to this Court. Before the Court is Petitioner's motion for a certificate of appealability on his first, sixth, and eighth habeas claims. ECF No. 20. The Court will deny Petitioner's motion because a certificate of appealability is not warranted.

## I.  LEGAL FRAMEWORK

Prisoners seeking post-conviction relief under 28 U.S.C. § 2254 have no automatic right to appeal a district court's denial or dismissal of their habeas petitions; instead, they must first seek and obtain a certificate of appealability. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, a habeas petitioner must demonstrate that reasonable jurists "could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327. "While this standard is not overly rigid, it still demands 'something more than the absence of frivolity.' In short, a court should not grant a certificate without some substantial reason to think that the denial of relief might be incorrect."

*Moody v. United States*, 958 F.3d 485, 488 (6th Cir. 2020) (internal citations omitted).

## II. DISCUSSION

Petitioner seeks a certificate of appealability on three of his eight habeas claims. The Court will address each of the three claims in turn.

### A. The Prosecutor

Petitioner's first habeas claim alleged that the cumulative effect of the state prosecutor's misconduct deprived him of a fair trial. Petitioner asserted that the prosecutor injected issues broader than guilt or innocence, infringed on his right to a fair trial during closing arguments, and argued facts not in evidence. Judge Tarnow addressed these claims on the merits in his dispositive opinion and concluded that the claims did not warrant habeas relief. ECF No. 17, PageID.1306.

1. **Casting Petitioner in a Negative Light, Injecting Issues Broader than Guilt or Innocence, and Relying on Other "Bad Acts" Evidence**

In his pending motion, Petitioner takes issue with the prosecutor's use of testimony that cast him in a negative light. Petitioner claims that the prosecutor elicited testimony about his theft of a car, drug use, and not being liked by his family. ECF No. 20, PageID.1348. Petitioner did not raise those specific examples of alleged misconduct in his habeas petition, and new claims may not be raised for the first time in a motion for a certificate of appealability. *United States v. Locke*, Criminal No. 09-

259 (JDB), 2014 WL 12724270, at *2 (D.D.C. May 7, 2014) (unpublished decision citing *United States v. Narajo*, 254 F.3d 311, 314 (D.C. Cir. 2001)).

In his habeas petition, Petitioner focused on the prosecutor's questions and comments about his source of income and whether he was working outside the home when the alleged sexual abuse occurred. Judge Tarnow found no merit in Petitioner's claim for the following reasons. First, the prosecutor appeared to be trying to show that Petitioner had frequent opportunities to abuse the complainant without being discovered or suspected of abuse. Second, the prosecutor did not imply that Petitioner had a propensity to commit the crimes simply because he was unemployed and poor. And third, Petitioner refuted the evidence when he testified that he was employed, at least part-time, during the time in question. ECF No. 17, PageID.1308-10.

Petitioner's related habeas argument was that the prosecutor relied on other "bad acts" evidence that Petitioner was abusive and violent toward the complainant's mother. Judge Tarnow rejected this claim because it was based on an alleged violation of state law and because the evidence was relevant. The evidence explained why the complainant may have complied with Petitioner's requests for sexual favors and why he delayed telling anyone about the abuse. *Id.* at PageID.1310-12.

Reasonable jurists could not disagree with Judge Tarnow's assessment of Petitioner's claim about the alleged injection of issues broader than guilt or innocence and the admission of "other acts" evidence. The Court, therefore, declines to grant a certificate of appealability on that claim.

**2. Shifting the Burden of Proof**

Petitioner's second claim about the prosecutor was based on the prosecutor's comment during closing arguments that, if the jurors wanted to find Petitioner not guilty, they could concoct a reason to do so. Petitioner argued that this remark shifted the burden of proof to him.

Judge Tarnow rejected Petitioner's claim because (i) the remark did not shift the burden of proof, (ii) the prosecutor was entitled to highlight inadequacies in the defense, and (iii) the trial court's jury instructions served to mitigate any prejudice from the remark. *Id.* at PageID.1312-14. The trial court informed the jury that: the attorneys' arguments were not evidence; the prosecutor had to prove every element of the crimes; Petitioner was not required to prove his innocence or do anything; and the jurors could acquit Petitioner if they determined that the prosecutor had not proved every element of the crime beyond a reasonable doubt.

Reasonable jurists would agree that the prosecutor's comment about concocting a reason to find Petitioner not guilty was either proper or harmless error, given the trial court's jury instructions. Petitioner,

5

therefore, is not entitled to a certificate of appealability on his claim that the prosecutor shifted the burden of proof to him.

### 3. Facts not in Evidence

Petitioner's third argument about the prosecutor was that the prosecutor argued facts not supported by the evidence. This claim was based on the prosecutor's remark that abused children sometimes maintain that they love their parents.

The disputed remark was made in response to defense counsel's closing argument, which pointed out that even though the complainant claimed to hate Petitioner, he complied with Petitioner's requests for sexual favors. Judge Tarnow rejected Petitioner's claim because the prosecutor was entitled to wide latitude during her rebuttal argument and to fairly respond to defense counsel's arguments. *Id*. at PageID.1314-16.

Reasonable jurists could not disagree with Judge Tarnow's assessment of Petitioner's claim. The Court, therefore, declines to grant a certificate of appealability on Petitioner's claim that the prosecutor relied on facts not in evidence.

### B. Trial Counsel

Petitioner's sixth habeas claim alleged that his trial attorney's deficient performance and erroneous advice prevented him from taking advantage of a favorable plea offer. Petitioner asserted that the

6

prosecutor offered him a sentence below the minimum guidelines, but his attorney failed to inquire into the terms of the deal. Petitioner also asserted that his attorney prevented him from making an informed decision on the plea offer by failing to inform him of the sentencing guidelines. Judge Tarnow denied relief on this claim because Petitioner failed to show that there was a firm plea agreement, that his attorney failed to investigate the terms of an agreement, and that his attorney gave him erroneous advice which caused him to forfeit a favorable plea offer. *Id.* at PageID.1330.

Petitioner maintains in his pending motion that there was an initial offer and that he was not afforded an opportunity to consider it. ECF No. 20, PageID.1350. The record, however, reveals that the parties were given several weeks to negotiate a plea bargain and that defense counsel was communicating with Petitioner. Petitioner was free on bond at the time, and it appears that he was present during a pretrial conference where the prosecutor stated that she had made an offer of a sentence below the sentencing guidelines. Thus, Petitioner was aware of a tentative offer to plead guilty.

At the same pretrial conference, there was a discussion about scheduling a polygraph examination. The trial court inquired whether there was a possibility that the case would be resolved through a plea agreement if Petitioner failed a future polygraph test. Defense counsel

7

responded that he could not make that decision yet and would need to confer with Petitioner further if that occurred.

The prosecutor apparently received authorization to make an offer of "8-10," but it is not known whether she extended such an offer to defense counsel, and the Final Pre-trial Conference Summary states that there was no final settlement offer. In fact, the prosecutor informed the State's appellate attorney during post-conviction proceedings that Petitioner was not interested in negotiating a plea agreement.

In conclusion, the record fails to support Petitioner's claim that his attorney did not investigate a plea offer or adequately advise Petitioner how to proceed. And because Petitioner maintained his innocence at trial and at his sentencing, the record suggests that he simply was not interested in pleading guilty. Thus, the evidence offers no substantial reason to conclude that Judge Tarnow's denial of relief on Petitioner's ineffectiveness claim might be incorrect.

Nevertheless, Petitioner argues in his pending motion that the Court should be shocked by the State's alleged failure to adopt procedures to ensure that a criminal defendant receives effective assistance of counsel during plea negotiations. *Id.* at PageID.1350. This is a new claim and new claims may not be raised for the first time in a motion for a certificate of appealability. *Locke*, 2014 WL 12724270, at *2. The Court

declines to grant a certificate of appealability on Petitioner's claim about trial counsel and plea negotiations.

### C. Lifetime Electronic Monitoring

Petitioner's eighth and final habeas claim raised an *ex post facto* challenge. Petitioner alleged that the trial court erroneously sentenced him to lifetime electronic monitoring ("LEM") even though the alleged crimes occurred before the LEM statute became effective on August 28, 2006. The state trial court denied relief on this claim because Petitioner was convicted after the statute became effective.

Judge Tarnow did conclude that the controlling date for *ex post facto* purposes was the date that the offenses were committed rather than the date of the conviction. But Judge Tarnow nevertheless concluded that Petitioner was not entitled to relief on his claim because at trial the complainant implied that some of the criminal sexual conduct—the offense committed—occurred after the LEM statute became effective. ECF No. 17, PageID.1335-37.

Petitioner asserts in his pending motion that the date of the alleged crime was January 1, 2006, which was before the LEM became effective. (ECF No. 20, PageID.1351.) This allegation is based on the state trial court's register of actions, which lists January 1, 2006, as the date of the crime. *See* ECF No. 14-1, PageID.249. That date, however, appears to reflect the year of the crimes, not the actual date when the incidents of

criminal sexual conduct occurred. *See, e.g.,* 1/12/12 Arraignment Tr. at p. 3; ECF No. 14-3, PageID.290 (the state trial court's remark at Petitioner's arraignment that, according to the charging document, the date of the offense was the year 2006); 4/4/12 Trial Tr. at pp. 10-12; ECF No. 14-6, PageID.325-27 (the trial court's statement during *voir dire* that the prosecutor was charging Petitioner with crimes that occurred in the year 2006).

Petitioner has failed to show that his rights under the Constitution's *Ex Post Facto* Clauses were violated, and reasonable jurists could not disagree with Judge Tarnow's assessment of Petitioner's *ex post facto* claim.

Finally, although Petitioner alleges in his motion that he was not informed during the state court proceedings that he was subject to LEM, *see* ECF No. 20, PageID.1351, he did not raise that issue in his amended habeas petition. He is not entitled to a certificate of appealability on a claim raised for the first time in his motion for a certificate of appealability. *Locke*, 2014 WL 12724270, at *2.

## CONCLUSION

Petitioner has not made a substantial showing of the denial of a constitutional right. Furthermore, reasonable jurists could not disagree with Judge Tarnow's resolution of Petitioner's constitutional claims, nor could they conclude that the claims deserve encouragement to proceed

further. There simply is not a substantial reason to think that Judge Tarnow's denial of relief on the first, sixth, and eighth habeas claims might be incorrect. Accordingly, Petitioner's motion for a certificate of appealability is **DENIED**.

    **IT IS SO ORDERED.**

Dated: April 15, 2022    s/Terrence G. Berg
                                        TERRENCE G. BERG
                                        UNITED STATES DISTRICT JUDGE